IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALEED SAAB, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:20-cv-00565 |
| v. | ) |
| | ) |
| ZAMBELLI FIREWORKS MANUFACTURING CO., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**Mark R. Hornak, Chief United States District Judge**

The Plaintiff brought this lawsuit claiming that the Defendant dismissed him from employment based on his national origin, in violation of Title VII of the Civil Rights Act of 1964, and the parallel provisions of the Pennsylvania Human Relations Act ("PHRA"). Those statutory claims were Counts I and II of his Complaint. ECF No. 1. He also brought a third claim, in the alternative, namely that he and the Defendant had actually settled all of those claims and did so in an agreed upon settlement agreement. That was Count III. *Id*. The Plaintiff moves for summary judgment on that third claim, *e.g.* for a breach of contract. ECF No. 28. That Motion was fully supported and briefed by November 30, 2020. The Defendant has not responded to the Motion as required and permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, and by the briefing Order on the docket. ECF No. 3. Thus, the Court may, and will, treat the Defendant's Statement of Material Facts, supported as permitted by the rules of procedure, as being fully admitted. Fed. R. Civ. P. 56(e). *See* ECF No. 29[1].

---

[1] Those Statements of Fact are backed up by the Defendant's admissions made in response to Requests for Admission propounded by the Plaintiff pursuant to Fed. R. Civ. P. 36, and by the affidavit and annexed exhibits from Plaintiff's counsel. ECF No. 30.

The key question before the Court is whether there is any dispute of a material fact as to the claim for which summary judgment is sought, namely the breach of contract claim. There is not. The Defendant has not filed any response or opposition to the Plaintiff's Concise Statement of Material Facts. Under both Federal Rule of Civil Procedure 56, and the analog in this Court's Local Civil Rules, the Court may treat each of those stated facts as admitted. Fed. R. Civ. P. 56 (e). There is no reason apparent to the Court as to why that should not occur here, and none has been advanced, so the Court will treat them as admitted. They demonstrate that on February 18, 2020, the parties entered into a settlement agreement that resolved the employment discrimination claims advanced by the Plaintiff, that the Plaintiff and the Defendant executed the Settlement Agreement between the parties, that the Defendant was to pay a settlement amount of $160,000.00 to the Plaintiff within thirty days of the Agreement's consummation, that no such payment has ever been made, that the Agreement itself provided that in the event of a breach of it, that any party that was required to take legal action to vindicate the deal would be entitled to reasonable attorney's fees and costs for doing so, and that the Plaintiff through counsel incurred such fees and costs.  ECF Nos. 29, 30.

The next question is whether on that record, the Plaintiff is entitled to judgment in his favor as a matter of law, and if so, in what amount. He is. The undisputed facts demonstrate that there was a final and binding agreement of the parties to settle the claims between them relative to the termination of the Plaintiff's employment, that the parties executed the document memorializing that agreement, that a sum certain was to be paid by the Defendant to the Plaintiff by a date that came and went months ago, that no such payment has ever been made and it remains due and owing, that the Plaintiff via counsel had to take legal action to vindicate the Plaintiff's rights under that agreement, and the fees and costs so incurred appear to be reasonable and appropriate.

Each and every element of the Plaintiff's breach of contract claim, *e.g.,* a valid and binding contract between the parties, the breach of the contract by the party to be charged, the materiality of

the breach, and damages, has been met. *Doe v. Univ. of Sciences*, 961 F. 3d 203, 211 (3d Cir. 2020). On top of that, Plaintiff has demonstrated without dispute that the counsel fees incurred and sought as express damages for the breach of the contract and under the terms of the contract itself are reasonable. The time and effort spent and claimed by the Plaintiff's counsel appear to the Court to not only be undisputed as to reasonableness, but based on the Court's independent review, in fact are reasonable and appropriate, and the hourly rate charged is reasonable for the work performed on this matter, as is the case with the costs claimed. Consequently, as requested by the Plaintiff in his fully supported and unopposed motion for summary judgment on the breach of contract claim, judgment will be entered in favor of the Plaintiff, and against the Defendant, in the total amount of $176,015.00.

In that the Plaintiff's breach of contract claim, upon which judgment is entered in his favor, was pled in the alternative to his Title VII and PHRA claims, and that contract seemingly was in resolution of those statutory claims, this would appear to resolve all matters between the parties. But because there is no pending motion as to those statutory claims, the Court concludes that the proper course is to enter judgment on the breach of contract claim, and to then dismiss the two statutory claims without prejudice, and to close the case on the docket. Should for some reason it become necessary for the Plaintiff to reassert those statutory claims (which were seemingly resolved by the agreement in effect enforced by this decision), the Plaintiff could seek to reassert them at that time, and they are dismissed without prejudice here.

An appropriate Order will issue.

  s/ Mark R. Hornak
Mark R. Hornak
Chief United States District Judge

Dated: February 22, 2021
cc: All counsel of record